UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAWN COLWELL,

        Plaintiff,

v.

M. ROBBINS *et al.*,

        Defendants.

CAUSE NO. 3:21-CV-406 DRL-MGG

OPINION AND ORDER

Shawn Colwell, a prisoner without a lawyer, filed a complaint against Officer M. Robbins, an unknown individual that approved Officer Robbins' actions, and DHB Sergeant Carter. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Officer Robbins accused Mr. Colwell of throwing trash from his cell on March 27, 2021, by way of an informal conduct report. He was sanctioned with a 14-day loss of commissary privileges. Mr. Colwell refused to sign the document because he believed

that it violated IDOC policy.[1] The informal sanction was approved by a shift supervisor, facility head, or designee and then forwarded to DBH Sgt. Carter, who enforced the sanction. Mr. Colwell believes the defendants conspired to violate his due process rights by depriving him of a pre-deprivation hearing. A formal disciplinary charge was brought against Mr. Colwell for the same offense, but he reports that he was found not guilty. Even though he was found not guilty of the formal charge, his 14-day commissary restriction had already been served.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings, including an opportunity to be heard before an impartial decision-maker. *Wolff v. McDonnell*, 418 U.S. 539, 556-73 (1974). However, due process is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Mr. Colwell's only sanction was a 14-day loss of commissary privileges. This does not amount to an atypical or significant hardship. Therefore, he was not entitled to any rights under *Wolff*.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan*

---

[1] A violation of a prison's own policy does not amount to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

2

*Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

November 18, 2021                               *s/ Damon R. Leichty*
                                                Judge, United States District Court